■ In the Matter of WELTON BECKET ASSOCIATES et al., Appellants, et al., Petitioner, v LLJV DEVELOPMENT CORP. et al., Respondents. [597 NYS2d 398] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered February 7, 1992, which denied petitioners' motion to disqualify respondents' attorneys, unanimously affirmed, with costs.

■ In the Matter of WELTON BECKET ASSOCIATES et al., Appellants, et al., Petitioner, v LLJV DEVELOPMENT CORP. et al., Respondents. [598 NYS2d 710] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about August 10, 1992, which in relevant part denied petitioners' motion for a protective order, unanimously affirmed, with costs.

We agree with the IAS Court that the interrogatories it left standing are material and necessary to the issue of alter ego and successor liability framed for the purpose of determining the proper parties to the arbitration *(see, Daval Steel Prods. v M/V Fakredine,* 951 F2d 1357, 1367; *Lumbard v Maglia, Inc.,* 621 F Supp 1529, 1535). The ten-year period covered by the

interrogatories is appropriate, going back as it does to when petitioners first solicited the work from respondents and ending near the time when petitioners finished the project.

While some of the interrogatories on the framed issue may call for information relevant to the merits of the arbitration, the "overlap" is minor and does not warrant striking interrogatories that are highly relevant to the framed issue.

We have considered petitioners' other claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.